JUDGE FURMAN

15 CV 00051

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

WAIRON NUNEZ,

         Plaintiff,

   -v-

THE CITY OF NEW YORK, Police Department
Officer ("P.O.") AHSAN ZAFAR (Shield No. 3773),
P.O. JOHN DOE 1, and P.O. JOHN DOE 2,
in their individual capacities,

         Defendants.

------------------------------------------------------------------x

COMPLAINT AND DEMAND
FOR A JURY TRIAL

Index No. 14-CV-_____

RECEIVED JAN 0 6 2015 U.S.D.C. S.D.N.Y.

   Plaintiff WAIRON NUNEZ, through his attorneys Mark C. Taylor and Gillian Cassell-Stiga of Rankin & Taylor, PLLC, as and for his complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff WAIRON NUNEZ's rights were violated when officers of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally detained and arrested plaintiff despite the absence of probable cause. By reason of defendants' actions, including the unreasonable and unlawful seizure of his person, plaintiff was deprived of his constitutional rights.

3. Mr. NUNEZ also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) in that Mr. NUNEZ's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

7. Plaintiff WAIRON NUNEZ is and was at all times relevant to this action a resident of the County of Kings in the City and State of New York.

8. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. NYPD Officer ("P.O.") AHSAN ZAFAR (Shield No. 3773) ("ZAFAR"), JOHN DOE 1 and P.O. JOHN DOE 2 (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The individual defendants are being sued herein in their individual and official capacities.

11. At all times relevant herein the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance

of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The individual defendant's acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Mr. NUNEZ's rights.

13. At all relevant times the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

14. The true names and shield numbers of defendants P.O. JOHN DOE 1 and P.O. JOHN DOE 2 are not currently known to the plaintiffs.[1] However, they are employees or agents of the NYPD. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiffs intend to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants become known to plaintiff and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

15. On March 30, 2014, at proximately 1:00 a.m., plaintiff WAIRON NUNEZ was unlawfully arrested inside an apartment at 868 East 164 Street in the County of Bronx and State of New York ("the Apartment").

---

[1] By identifying said defendants as "John Doe" or "Richard Roe," plaintiffs are making no representations as to the gender of said defendants.

16. Mr. NUNEZ had arrived at the Apartment after speaking with his friend, a resident of the Apartment who invited Mr. NUNEZ.

17. Shortly after arriving at the apartment, the group of friends heard police enter the hallway and begin banging on the door of the Apartment.

18. The NYPD kicked the door open and officers rushed into the apartment. NYPD officers grabbed the individuals, and placed handcuffs on everyone present including Mr. NUNEZ.

19. The group was then taken into the hallway, where the officers were asked for an explanation.

20. P.O. JOHN DOE 1 responded to the effect that he "wasn't sure" and would have to go downstairs and check with the supervising officer.

21. An individual from the group identified himself as the current resident of the apartment from which they had all been forcefully removed and informed the officers that the other individuals were his invited guests.

22. No weapons or contraband were found on Mr. NUNEZ's person nor had he broken any laws.

23. Mr. NUNEZ was nonetheless brought to central booking and placed in a cell for an extended period of time.

24. Mr. NUNEZ was charged with Criminal Trespass in the Third Degree (P.L. § 140.10) and Trespass (P.L. § 140. 05).

25. These charges were knowingly fabricated by P.O. ZAFAR.

26. He was eventually released some 20 hours later, when his mother put up $1,000.00 for bail.

27. The charges against Mr. NUNEZ were dismissed on May 29, 2014.

28. As a result of the unlawful handcuffing and arrest by the NYPD, Mr. NUNEZ experienced pain, suffering, mental anguish, and humiliation.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Against all Defendants)

29. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30. Defendants, under color of state law, subjected the plaintiffs to the foregoing acts and omissions, thereby depriving plaintiffs of their rights, privileges and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of their person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) freedom from the lodging of false charges against them by police officers; (e) freedom from having police officers fabricate evidence against her; (f) freedom from malicious prosecution; and,

31. Defendants' deprivation of plaintiffs' constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM FOR RELIEF
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
### (Against the City of New York)

32. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

34. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including

defendants P.O. SAM and P.O. DOE, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

35. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

36. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

37. Mr. NUNEZ demands a trial by jury in this action on each and every one of his damage claims.

**WHEREFORE**, Mr. NUNEZ demands judgment against the defendants individually and jointly and prays for relief as follows:

    a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish and humiliation; and

    b. That he be awarded punitive damages against the individual defendants; and

    c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

    d. For such other further and different relief as to the Court may seem just and proper.

///

///

///

///

///

Dated:     New York, New York
           January 6, 2015

                              Respectfully submitted,

                         By:  _____
                              Mark C. Taylor
                              Gillian Cassell-Stiga
                              Rankin & Taylor, PLLC
                              *Attorneys for the Plaintiff*
                              11 Park Place, Suite 914
                              New York, New York 10007
                              Ph: 212-226-4507